IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROY LEE McATEER,                    )
AIS #147346,                        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        CIVIL ACTION NO. 2:11-CV-33-ID
                                    )                    [WO]
                                    )
JUDGE TRACY S. McCOOEY, et al.,     )
                                    )
        Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Roy Lee

McAteer ["McAteer"], a state inmate presently confined at the Ventress Correctional

Facility.  In this complaint, McAteer challenges the revocation of his probation by the

Circuit Court of Montgomery County, Alabama on November 6, 2008.  *Plaintiff's

Complaint - Court Doc. No. 1* at 2-3.  McAteer also asserts that his incarceration pursuant

to this revocation of probation violates his constitutional rights. *Id*. at 3.  McAteer names

Tracy S. McCooey, the state judge presiding over the revocation proceedings; Elizabeth

Plainer, his probation officer; Richard Allen, Commissioner of the Alabama Department

of Corrections; and J. C. Giles, the warden of Ventress Correctional Facility, as defendants

in this cause of action.  McAteer seeks declaratory relief and monetary damages for the

alleged violations of his constitutional rights.  *Id.* at 4.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

In his complaint, McAteer presents the following allegations:

Defendants McCooey and Plainer on November 6, 2008 acted in concert and conspiracy to deprive plaintiff of his constitutional right to due process of law [when effectuating the revocation of his probation] and this resulted in plaintiff being wrongfully, falsely, and illegally incarcerated for the past two years and three months....  This action was taken without McAteer being appointed counsel, without him being apprised of his right to request counsel, without him being given prior notice, and without him being given a revocation hearing.

Defendants Allen and Giles are restraining McAteer of his liberty with absolutely no legal authority [as the revocation of probation is unconstitutional]....  The violations [attendant to the probation revocation] were of such a magnitude as to result in a "fundamentally unjust incarceration" which is being perpetuated by defendants Allen and Giles acting as agents of the State.

All of the defendants herein have acted in concert to perpetuate a false imprisonment.  The judgment under which McAteer is incarcerated was "wholly void" [due to the numerous alleged violations of his rights during the revocation proceedings]....  McAteer has, since November 12, 2010, apprised defendants Allen and Giles twice ... that he is falsely incarcerated. They have chosen to ignor[e] these warnings.  Further, defendants McCooey and Plainer knew on the morning of November 6, 2008 that McAteer was

---

[1] The court granted McAteer leave to proceed *in forma pauperis* in this cause of action.  *Court Doc. No. 3.* A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

suffering from severe mental disorders.

*Plaintiff's Complaint - Court Doc. No. 1* at 2-3.

The aforementioned claims go to the fundamental legality of the revocation of McAteer's probation and his incarceration based on this revocation. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

3

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus.  *Id*.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

McAteer challenges the constitutionality of his confinement as it relates to the sentence imposed by the Circuit Court of Montgomery County, Alabama upon the revocation of his probation.  A judgment in favor of McAteer on the claims presented in this complaint imply the invalidity of this incarceration.  It is clear from the records of this court that the probation revocation about which the plaintiff complains has not been

invalidated in an appropriate proceeding.  Consequently, the instant collateral attacks on the revocation of McAteer's probation by the Circuit Court of Montgomery County, Alabama and the constitutionality of his resulting incarceration are clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before February 8, 2011, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from

attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of January, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE